IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 13
CAROL KATHLEEN DAVIS,           )
                                )   Bankruptcy No. 06-01623
     Debtor.                    )

## ORDER RE APPLICATION FOR COMPENSATION
## FOR DEBTOR'S ATTORNEY

This matter came on for hearing on June 19, 2007 pursuant to assignment. Attorney Rush M. Shortley appeared as attorney for Debtor Carol Kathleen Davis. Carol Dunbar appeared as Chapter 13 Trustee. After hearing statements of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Attorney Shortley requests compensation through Debtor's Chapter 13 Plan for services rendered as Debtor's attorney in this case. He seeks total fees and expenses in the amount of $4,742.57. Trustee has paid counsel $1,500 through the Plan prior to hearing in this matter. Attorney Shortley asks the Court to order payment of the remaining amount of $3,242.57.

Trustee has filed an objection to the Application for Compensation. She asserts that the total amount of compensation sought appears to be excessive based upon the nature of this case. Additionally, Trustee notes that, in the Disclosure of Compensation filed in this case, counsel agreed to accept a total of $1,750 to represent Debtor through confirmation. While there were some exceptions listed in the Disclosure, none of the exceptions appear to have been acted upon in this case.

Debtor's plan was confirmed by order of April 26, 2007. The plan provides for a dividend to unsecured creditors of approximately 61%. The confirmation order provides that counsel was awarded the presumptive fee of $1,750, of which $1,500 would be paid through the Plan. The tape of the confirmation hearing, however, reflects that counsel never was asked and did not actually consent to the entry of this fee.

Under Local Rules, an attorney who seeks compensation in excess of the presumptive limit is allowed to file a full fee application. While initially it appeared that Mr. Shortley

requested the presumptive limit and then subsequently filed a full compensation request, the record reflects that he did not request or consent to the presumptive limit and, pursuant to Local Rules, was authorized to submit a fee application if he felt that his work justified reimbursement in excess of the presumptive limit.  Mr. Shortley's full fee application, therefore, is appropriately filed and shall be examined pursuant to existing law in this District.

## CONCLUSIONS OF LAW

The bankruptcy court has broad power and discretion to award or deny attorney fees, and, indeed, a duty to examine them for reasonableness.  In re Clark, 223 F.3d 859, 863 (8th Cir. 2000) (considering fees for Chapter 13 attorneys). "The burden is on the attorney to prove that the agreed compensation is reasonable."  Id.  Section 330 governs the allowance of attorneys' fees and permits the court, on its own motion or on the motion of a trustee or other party in interest, to award compensation that is less than the amount requested.  In re Peterson, 251 B.R. 359, 363 (B.A.P. 8th Cir. 2000).  Section 330(a)(4)(B) provides that, in a Chapter 13 case in which the debtor is an individual, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."  Id. at 364; see also In re Sherrets, 2006 WL 1806351, *1-3 (Bankr. N.D. Iowa July 27, 2006).

Pursuant to Local Rule 2016-1(b), Compensation of Professionals, Attorney for Debtor - Chapter 13:

> The attorney for debtor in a chapter 13 case is excused from the application requirements of Fed. R. Bankr. P 2016(a) and the notice requirement of Fed. R. Bankr. P. 2002(a)(6) if the request for compensation is less than the base amount established by the court at the time of confirmation of the plan.  The base amount figure is available from the clerk and applies to all attorney compensation through the first confirmation of a plan.

For Chapter 13 cases that were filed between August 10, 1998 and December 31, 2003, the base fee amount was $1001.00.  For Chapter 13 cases filed between January 1, 2004 and December 31, 2005, the base fee amount was $1251.00.  Effective March 7, 2006, the base amount established by the court for compensation in Chapter 13

cases has increased to $1751.00.  This base amount applies retroactively to all cases filed on or after January 1, 2006.

The base amount is presumptively acceptable without the need for formal application and notice under Rules 2016(a) and 2002(a)(6).  Generally, the base amount is considered sufficient to compensate for basic services rendered by Debtor's attorneys in Chapter 13 cases.  In re Lund, No. 00-01683, slip op. at 2 (Bankr. N.D. Iowa Dec. 2, 2003).  These include counseling the debtors; preparing and filing the petition, schedules and plan; attending the creditors' meeting and the confirmation hearing; reviewing claims; and filing amendments and motions.  Id.

If Chapter 13 Debtor's attorneys seek fees which exceed the presumptively acceptable base amount, the requirements of § 330(a) and Rule 2016 must be followed.  Id.; IANB Local Rule 2016-1(b).  This requires the application of the conventional lodestar analysis.  In re McKeeman, 236 B.R. 667, 671 (B.A.P. 8th Cir. 1999).  The lodestar amount is the number of hours reasonably expended multiplied by a reasonable hourly rate.  In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992).  The lodestar amount ordinarily reflects and includes issues such as: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained."  Id.  "When a bankruptcy court determines that a case presents routine Chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fees accordingly."  McKeeman, 236 B.R. at 672.

**ANALYSIS**

Applying the foregoing standards, the Court concludes that counsel has not established that the total fees requested are reasonable in this Chapter 13 case.  The statement of services attached to the fee application establishes, in most respects, this case has no unique aspects except for the recovery by counsel of a $3,000 preferential garnishment.  The Court finds that fees arising from the recovery of this preference are compensable.

In all other respects, the time spent in preparation of this Chapter 13 case is routine.  This Court has, on numerous occasions, determined that the base rate of $1,750 is presumptively reasonable compensation for a debtor's attorney's work in a Chapter 13 case.  Mr. Shortley has not established that fees in excess of $4,700 are warranted based on the lodestar factors.  There do not appear to be any issues raised in this

case which are novel or overly complex.  The Court is satisfied with the result and the skill and experience which Mr. Shortley exhibited in the representation of Debtor.  The payout to unsecured creditors of 61% reflects this skill.  Nevertheless, the Court must conclude that the fees requested are not reasonable based upon the lodestar methodology.  The Court will approve compensation to Attorney Shortley of $2,250 in attorney's fees and $178.50 in expenses.  Mr. Shortley has already been paid the sum of $1,500 through the Chapter 13 Plan.  This amount is to be subtracted from the foregoing amount and the remainder paid to Mr. Shortley through the Plan.

It appears from the fee application that, on December 20, 2006, Attorney Shortley paid Debtor's filing fee to the Clerk of U.S. Bankruptcy Court in the amount of $274.  This amount was later absorbed into the bill.  Filing fees are not a part of the compensation of counsel nor are they a part of the presumptive base limit for compensation purposes.  Attorney Shortley's fee application shows that after he paid the filing fee, he received reimbursement for that expense from Debtor's retainer.  Had he not already been reimbursed for the filing fee, he would be entitled to an additional $274 now.

**WHEREFORE**, the Application for Compensation filed by Attorney Rush Shortley is granted in part and denied in part.

**FURTHER**, Attorney Shortley is granted attorney's fees in the amount of $2,250 and expenses in the amount $178.57 for total compensation in the amount of $2,428.57.

**FURTHER**, Attorney Shortley has already been compensated in the amount of $1,500 through the Plan.  The remainder of Attorney Shortley's fees and expenses in the amount of $928.57 shall be paid by the Trustee through Debtor's Chapter 13 Plan.

Dated and Entered:

June 29, 2007.

_____
Paul J. Kilburg
Bankruptcy Judge

4